DOWNEY, Judge.
Appellee and appellant entered into a contract for the modernization of a low rent housing project owned by appellant. During the course of construction the architect required appellee to install concealed electrical raceways. The architect insisted and appellee, under protest, installed concealed raceways. When appellant refused to pay the additional cost of installing concealed rather than surface raceways, appellee instituted this suit. The trial court found in favor of appellee and entered judgment for appellee for $4042.20, plus interest and costs.
Appellant contends the trial court erred in finding for appellee because in doing so it re-wrote the contract between the parties.
The written contract consists of two pages which, in pertinent part, states:
“ARTICLE 3. Contract Documents.
The Contract shall consist of the following component parts:
“a. This Instrument
“b. General Conditions
“c. Supplementary Conditions
“d. Technical Specifications
“e. Drawings.”
The contract also contains a provision which states that if any component part of the contract conflicts with any provision of any other component part, the provision of the component part first enumerated in Article 3 of the contract shall govern.
Joint Exhibit # 3 received in evidence at trial is a looseleaf booklet apparently prepared by the architectural firm which designed the improvements. The cover of the booklet in bold print states:
“SPECIFICATIONS FOR CONSTRUCTION
“SHA MODERNIZATION PROGRAM
“LOW HOUSING PROJECT
“EDWARD HIGGINS TERRACE
“FLA. 16. -3
“Sanford, Florida”
The Table of Contents inside the booklet describes the contents thereof and the number of pages of each section. Among the Sections listed in the Table of Contents are Invitation for Bids, General Conditions, Supplementary Conditions, Technical Specifications, Heating and Plumbing Specifications, Electrical Requirements, and Electrical Work.
Appellee contends that the specifications for the electrical work called for “surface raceways”, while the drawings clearly call for concealed raceways. That conflict was to be resolved by the contractual provision which directed that such a conflict would be controlled by the “component part of the contract first enumerated”. Using that procedure, the Technical Specifications would control over the drawings.
*37 Appellant points to Joint Exhibit 3 and the fact that the portion of that exhibit designated “Technical Specifications” does not include that portion of the electrical work specifications which provides for surface raceways. Therefore, appellant argues there is no conflict between component parts of the contract and the provision on the drawings for concealed raceways applies.
This is a poorly drawn contract, but it is the contract of the parties and the court has no right to redraft it. As executed by the parties the contract does not contain a conflict between the drawings and Technical Specifications with regard to the electrical raceways. It appears there would be a conflict if the electrical work section were a part of the Technical Specifications. But the contract documents as drawn do not admit of such a construction. Therefore, the appellee was required to install the more expensive concealed electrical raceways rather than surface raceways and is not entitled to recover the additional cost of such installation.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to enter judgment for appellant.
REVERSED AND REMANDED with directions.
CROSS and DAUKSCH, JJ., concur.